## ELIPHALET RICHARDSON *vs.* JOSHUA BUSWELL.

The provision of the Rev. Sts. *c.* 97, § 22, which exempts from execution " the necessary wearing apparel ". of a debtor, extends to cloth and trimmings put into the hands of a tailor by him, to be made into˙clothes necessary for him

TRESPASS for taking and carrying away a piece of cloth and trimmings. The case was submitted to the court on the following facts agreed : The property mentioned in the plaintiff 's writ belonged to the plaintiff, and was left by him at a tailor's shop, to be made into a coat for the plaintiff, which was necessary for him ; and the same was seized and sold by the defendant, a deputy sheriff, on an execution against the plaintiff.

*Foster*, for the plaintiff.

*N. J. Lord,* for the defendant.

DEWEY, J. The plaintiff founds his right to maintain the present action upon the provisions of Rev. Sts. *c.* 97, § 22, exempting certain property from execution. Among the articles ·thus exempted is " the necessary wearing apparel of the debtor." Do the articles seized on execution in this case fall within the exemption ?

In giving a construction to a remedial ´statute, we are tc bear in mind the great object and purposes which apparently led to its enactment, the mischief intended to be avoided, and which called for a remedy. By the general law of attachment, independent of the exemption which the statutes have made from time to time, every thing belonging to the debtor, in the nature of property, might be taken on execution and sold. The law interposed, and, to secure to the debtor the absolute necessaries of life, exempted from attachment and execution, his " necessary wearing apparel." It is admitted that the wearing apparel, which was about to be made from the articles seized on execution, was necessary to the plaintiff. But it is said that it is not exempted from execution, because the cloth and trimmings thus seized were not yet fashioned

Richardson *v.* Buswell.

and formed into a coat ; and it is contended that, until that takes place, the exemption does not apply. The counsel for the defendant asks, what is the limit to the exemption of articles adapted to clothing, if not that by him now insisted upon ? Is the exemption to be applied to the earlier stages of the wool unmanufactured, or the flannel before it is fulled and dyed ? Now it seems to us, that whatever difficulties might exist as to the articles in these earlier stages above supposed, they do not arise here. This cloth was not merely made, or purchased for clothing, but was actually appropriated to that purpose. The case does not, therefore, depend upon the mere purpose of mind of the debtor to make such use of it at a future day, but an actual appropriation of it to the purpose of wearing apparel. To be useful and convenient for clothing, the articles needed the operation of the tailor, and they were placed in his hands, to be made into a coat. Having been thus appropriated and used, it assumes the character of clothing for the party, and is within the exemption given by the statute.

That a liberal construction is to be given to this statute, in furtherance of those humane views of the legislature that led to its enactment, is clearly indicated by the opinion of this court in the case of *Gibson* v. *Jenney*, 15 Mass. 205. So here, under the exemption of wearing apparel, articles actually in the process of being made into clothing necessary for the debtor may be well held exempted from execution.

*Judgment for the plaintiff.*